IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SASHA BYRD**, *as next best friend of a minor child*, and **JANICE WHITMROE**,<br><br>    *Plaintiffs*,<br><br>v.<br><br>Sheriff **TOMYLIN PRIMUS**, *et al.*,<br><br>    *Defendants*. | **CIVIL ACTION NO.**<br>**5:21-cv-00293-TES** |

**ORDER DIRECTING THE CLERK OF COURT**
**TO ENTER JUDGMENT AND CLOSE CASE**

Before the Court is the parties' Consent Motion to Dismiss Defendant Toby [Doc. 13]. The parties originally docketed this filing as a "Consent Order Dismissing Defendant Toby." [Doc. 13, p. 1]. However, the Clerk of Court modified the filing event as a "Consent Motion." Even though the parties failed to indicate under which specific portion of Federal Rule of Civil Procedure 41 they sought to dismiss Defendant Warden Annettia Toby, they have—as indicated by their signatures on the "Consent Motion"— effectively stipulated to her dismissal. [*Id.*]. Thus, the Court **CONSTRUES** the parties' "Consent Motion" as a Stipulation of Dismissal filed pursuant to Rule 41(a)(1)(A)(ii).

Within the Stipulation, the parties consented to dismiss Defendant Toby "*from this action* without prejudice." [*Id.*] (emphasis added). Accordingly, Plaintiffs themselves voluntarily dismissed this "*entire* action, not just some of [their] claims" as to Defendant

Toby. *See Estate of West v. Smith*, 9 F.4th 1361, 1367 (11th Cir. 2021) (quoting *Absolute Activist Value Master Fund Ltd. v. Devine*, 988 F.3d 1258, 1265 (11th Cir. 2021)). Given that the parties previously took the exact same course of action with respect to Defendant Sheriff Tomylin Primus[1] allowing Plaintiffs to voluntarily dismiss him on September 15, 2021, this case is finished because the only remaining defendants are unnamed, fictitious parties: John Doe Jailers (1–5) and John Doe Sheriff Deputies (1–5).[2] *Estate of West*, 9 F.4th 1366–69; *see* [Doc. 8]; [Doc. 10].

The previously-filed "Consent Order Dismissing Defendant Primus" [Doc. 8] "was signed by all the parties who had appeared at that time: [Plaintiffs, Defendant Primus, and Defendant Toby]." *Estate of West*, 9 F.4th at 1367; [Doc. 8, p. 1]. Further, the Stipulation regarding Defendant Toby was signed by the only two remaining parties "who had appeared": Plaintiffs and Defendant Toby. *Estate of West*, 9 F.4th at 1367; [Doc. 13, p. 1]. Thus, these two filings, despite their titles, act as stipulations of dismissal

---

[1] When looking at the posture of the case, Defendant Primus's dismissal (bearing three signatures) also acted as a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). [Doc. 8, p. 1]. Thus, Plaintiffs themselves voluntarily dismissed Defendant Primus from this action, and an order from the Court was never required. *See, e.g.*, [Doc. 10].

[2] "As a general matter, fictitious-party pleading is not permitted in federal court." *Estate of West v. Smith*, 9 F.4th 1361, 1368 n.6 (11th Cir. 2021) (first quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) and then citing Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.")). The Eleventh Circuit, however, has "created a limited exception to this rule when [a] plaintiff's description of the [John Doe] defendant[s] is so specific as to be at the very worst, surplusage." *Estate of West*, 9 F.4th at 1368 n.6 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Because neither of the parties' filings indicated that "the action would proceed only against the fictitious defendants," the Court will not decide whether Plaintiffs' Complaint [Doc. 1-1] described Defendants John Doe Jailers (1–5) and John Doe Sheriff Deputies (1–5) with sufficient specificity to be able to proceed. *See Estate of West*, 9 F.4th at 1368 n.6; [Doc. 8]; [Doc. 10].

pursuant to Rule 41(a)(1)(A)(ii). *See Estate of West*, 9 F.4th at 1367 ("While it is true that the stipulation of dismissal did not reference any particular rule, the district court's subsequent order cited Rule 41(a)(1)(A)(ii) and the parties have not argued at any point that the rule does not apply."). And, because the two, properly-signed filings unquestionably sought to dismiss Defendant Primus and Defendant Toby "from this action," the "terms of Rule 41(a)(1)(A)(ii), which means precisely what [they] say[]," lead to only one clear conclusion: this action "[has been] dismissed" with respect to them. *Estate of West*, 9 F.4th at 1367.

With respect to John Doe Jailers (1–5) and John Doe Sheriff Deputies (1–5), the parties in no way mentioned or provided anything to indicate their intent that this action remain pending against them. *See id.* at 1368 ("The parties did not condition the stipulation's effectiveness on any subsequent occurrence such as the naming and serving of these unknown defendants. Nor did the stipulation expressly provide that the dismissal did not apply to the fictitious defendants."). Because the John Doe Jailers (1–5) and the John Doe Sheriff Deputies (1–5) could not have participated as they have not been identified or served, they weren't required to sign the two filings that dismissed this action against Defendant Primus and Defendant Toby. *See id.* ("Accordingly, not only could the fictitious defendants not have participated . . . their participation was unnecessary as only those who have appeared need to sign the stipulation to dismiss the action.").

Because Plaintiffs themselves have dismissed this action against the only two Defendants who appeared—Defendant Primus and Defendant Toby—any subsequent Order by the Court "purporting to dismiss" "this action" "without prejudice [would be] a nullity." *Id.* at 1368. Therefore, the Clerk of Court may **ENTER** Judgment, **TERMINATE as moot** the parties Consent Motion to Dismiss Defendant Toby [Doc. 13] and Defendant Toby's Motion for Judgment on the Pleadings [Doc. 11], and **CLOSE** this case.

**SO ORDERED**, this 2nd day of November, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
